UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUTH M.,[1]

                      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

**DECISION AND ORDER**

6:21-cv-6139-JJM

        Before the court is plaintiff's motion [23][2] for attorneys' fees in the amount of $18,759.18 pursuant to 42 U.S.C. §406(b). Defendant filed a response on November 26, 2024 [28], and raised no objections to plaintiff's fee request. For the reasons discussed below, the plaintiff's motion is granted.

## BACKGROUND

        Plaintiff commenced this action on February 9, 2021, arguing that the Commissioner's denial of her claim for benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. On October 29, 2021, plaintiff moved for judgment on the pleadings [14]. On March 29, 2023, I granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision and Order [18]. On June 21, 2023, I approved the parties' stipulation [20] and granted [22]

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to CM/ECF docket entries. Unless otherwise noted, page references are to CM/ECF pagination.

plaintiff's motion [21] for attorneys' fees in the amount of $8,073.76 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On March 29, 2024, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled between September 2016 and March 29, 2024 and approving plaintiff's claim for supplemental security income ("SSI") benefits. See Declaration in Support of Attorneys Fees ("Declaration") [23-1], ¶ 2; see also Social Security Administration letter dated October 18, 2024 [23-3]. The fee arrangement between plaintiff and her attorneys is governed by their Attorney Fee Agreement. [23-4]. Pursuant to the Attorney Fee Agreement, plaintiff agreed that "[i]n the event of a favorable decision . . . I agree that the attorney fee charged to me will be 25% of all past due benefits awarded to me and my family". Id., ¶ 2.B.

The Social Security Administration ("SSA") issued a letter concerning plaintiff's claim for benefits on October 18, 2024. [23-3]. It identifies $75,036.71 as the "back money" due to the plaintiff. Id. at 1. The SSA withheld from the past-due benefits potential attorneys' fees in the total amount of $18,759.18, an amount equal to 25% of the past due benefits owed to plaintiff ($75,036.71). Declaration [23-1], ¶2. Plaintiff's attorney requests an award of attorney fees in the amount of $18,759.18. See Notice of Motion [23] and Declaration [23-1] ¶¶ 2, 6. Plaintiff's attorney agrees, upon receipt of payment of the fee, to refund to plaintiff the $8,073.76 received in fees pursuant to the Equal Access to Justice Act ("EAJA"). See Declaration [23-1], ¶ 6.

The Commissioner challenges neither the timeliness of plaintiff's motion, nor the amount of the fees requested. See Defendant's Response [28] at 2.

- 3 -

## ANALYSIS

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§406(b)(1)(A). In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee. *See, e.g.*, Barone v. Saul, 2019 WL 3296616 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social Security, 2019 WL 6242549 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966 (W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785 (W.D.N.Y. 2020). I address each here in turn.

**A.    Did Plaintiff Timely File Her Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for §406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019). There, the Second Circuit found that the 14-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties." Id. at 89. Accordingly, motions for benefits made within seventeen days (fourteen

days under Rule 54(d)(2)(B), plus three days for mailing)[3] of receipt of a Notice of Award for benefits are timely.

Here, plaintiff's counsel filed her motion for fees on October 30, 2024 (*see* Notice of Motion [23]), 12 days after the SSA issued its October 18, 2024 letter (*see* October 18, 2024 Social Security Administration letter [23-3]).  Accordingly, plaintiff's counsel timely filed their motion pursuant to Sinkler.

**B.     Is Plaintiff's Fee Request Reasonable?**

Here, the Fee Agreement between plaintiff and her attorneys provides for an attorneys' fee of "25% of all past-due benefits awarded to me and my family".  Fee Agreement [23-4].  The 25 percent fee is within the cap provided by §406(b).  Further, the Commissioner does not object to the amount of fees that plaintiff requests.  *See* Defendant's Response [28] at 2.

That is not the end of the inquiry, however.  Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider.  First, courts may consider "the character of the representation and the results the representative achieved." Id.  Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case. Id.  Third, the court's review of an attorneys' records of time spent on the matter may assist the court

---

[3] *See* Sinkler, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a party receives communications three days after mailing").

to determine whether the requested fee is a windfall to the attorney.  Id.  In addition, the Second Circuit states that courts in this district should also consider "whether there has been fraud or overreaching in making the agreement".  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

        Here, plaintiff received competent and experienced representation.  Plaintiff's attorney, Peter A. Gorton, has experience in Social Security matters at the court of appeals, district court, and administrative levels.  Declaration [23-1], ¶ 4.  He has been trying social security disability cases since 1992, and social security disability is his primary practice area.  Id.  Mr. Gorton's experience enabled him to efficiently brief and research the legal issues involved in this case.  See Id., Exhibit A [23-2] (time records demonstrating 37.0 total hours spent on the district court matter).  His work on this matter yielded an award of past due benefits to plaintiff totaling $75,036.71.  Id., ¶2.

        Second, there was no significant delay in resolution of this matter attributable to plaintiff's attorney.  He requested only one 30-day extension of time to file plaintiff's motion for judgment on the pleadings.  See motion for extension of time to file plaintiff's brief [12]; plaintiff's motion for judgment on the pleadings [14] filed October 29, 2021).  No other delays are apparent on the docket.

        Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall.  Time records submitted with the motion indicate a total of 37.0 hours of attorney time was spent on plaintiff's matter.  See time sheet of services rendered [23-2]; see also Declaration [23-1], ¶ 6.  The total fee requested results in an effective hourly rate of $507.00.[4]  This hourly rate is higher than the hourly rates of attorneys in Mr. Gorton's office, which range from $300.00 to $400.00 per hour. See Declaration [23-1], ¶ 5.

---

[4]    The effective hourly rate was calculated by dividing the requested fee ($18,759.18) ([23]) by the total number of hours (37.0) documented in plaintiff's fee application ([23-2]).

However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 370-71.

Moreover, after reviewing the fee request and supporting documentation, I find that the requested fee is reasonable based on counsel's experience, the nature of the representation provided, the contingent nature of the fee, and the favorable results achieved. *See* Gisbrecht, 535 U.S. at 807. The effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests approved by the Second Circuit and by courts in this district. *See e.g.* Fields v. Kijakazi, 24 F.4th 845, 854-56 (2d Cir. 2022) (determining that counsel's requested fee of 25% of past due benefits, which produced a *de facto* hourly rate of $1,556.98, was not a windfall based upon its consideration of the Gisbrecht factors); McDonald v. Commissioner of Social Security, 2019 WL 1375084, *3 (W.D.N.Y. 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate"); Campana v. Saul, 2020 WL 3957960, *2, n. 1 (W.D.N.Y. 2020) ("[w]hile the fee here constitutes an hourly rate of $1,000 . . . very high by Western New York standards - the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here"); Sims v. Commissioner of Social Security, 2020 WL 812923, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $980.87, where "counsel developed meritorious, non-boilerplate arguments on the claimant's behalf"); Salone v. Commissioner of Social Security, 2020 WL 1677374, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $956.25); Dillon, 2020 WL 360966 at *3 (finding a *de facto*

hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); Perry v. Commissioner of Social Security, 2020 WL 360979, *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02); Tracey v. Commissioner of Social Security, 2024 WL 3082703, *2 (W.D.N.Y. 2024) (approving a *de facto* hourly rate of $1,182.07 and finding it does not constitute a windfall); Lee v. Commissioner of Social Security, 2024 WL 1693271, *1 (W.D.N.Y. 2024) (finding a *de facto* hourly rate of $1,772.09 "somewhat above the range of fees that are typically approved", but not "per se unreasonable, in light of the particular procedural history of [the] case, and the effectiveness of counsel's efforts, which brought about a favorable result with greater expediency than is typical").

## CONCLUSION

For these reasons, plaintiff's motion for fees in the amount of $18,759.18 pursuant to 42 U.S.C. §406(b) is granted. The Commissioner is directed to release these funds. In addition, I direct plaintiff's attorney to return to plaintiff the $8,073.76 EAJA fees he was awarded within 14 days of their receipt of the §406(b) fee.

**SO ORDERED.**

Dated: December 16, 2024

                                                    /s/   Jeremiah J. McCarthy
                                                    JEREMIAH J. MCCARTHY
                                                    United States Magistrate Judge